UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |
|---|---|

August 19, 2024

VIA CERTIFIED MAIL
Robert Browning
205 Bowers Street
Jersey City, NJ 07307

VIA ECF

**LETTER ORDER**

Re: **Browning v. Young**
**Civil Action No. 22-06883**

Dear Litigants:

Before this Court is Defendant Judge John Young's ("Judge Young") Motion to Dismiss pro se Plaintiff Robert Browning's ("Plaintiff" or "Browning") Complaint, ECF No. 1, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. This is Browning's fourth lawsuit relating to a prior a state court criminal conviction and his second lawsuit against Judge Young, who was apparently the judge in Browning's criminal trial. See Browning v. Supreme Court of N.J., No. 19-12212 (D.N.J. May 6, 2019) ("Browning I"); Browning v. Grant, No. 20-1587 (D.N.J. Feb. 13, 2020) ("Browning II"); Browning v. Judge John Young, No. 21-14578 (D.N.J. Aug. 3, 2021) ("Browning III"). In each of those cases, Judge Martinotti dismissed the Complaints. For the reasons set forth below, Defendant's Motion is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE.**

The background of the three prior Browning cases is set forth in detail in Judge Martinotti's Browning III opinion. See Browning III, 2021 WL 5918476 (Dec. 15, 2021). Browning I and II were filed against the New Jersey Supreme Court, Chief Judge Rabner, and other state Court actors. See id. at *1. Plaintiff appealed Browning II, and the Third Circuit affirmed. Browning v. Grant, 828 F. App'x 822, 823 (3d Cir. 2020). Like here, Browning III was brought against Judge Young. Plaintiff sought to vacate his conviction and requested a new trial. See Browning III, 2021 WL 5918476, at *1. Judge Martinotti dismissed Plaintiff's Complaint with prejudice and admonished him against future vexatious filing. Id. at *3. Again, the Third Circuit affirmed. Browning v. Young, No. 21-3341, 2022 WL 866287 (3d Cir. March 23, 2022).

Here, in his fourth pro se Complaint, Browning alleges that Judge Young "denied me my right to trial without addressing the evidence I put before him," and "is using his power to protect the Jersey City police department from civil liability." Compl. at 4. He seeks to have Judge Young grant him "a trial," and to have "the record corrected on this matter" —similar to the relief he sought in Browning III. Id. at 5. He brings his Complaint pursuant to 42 U.S.C. § 1983. Id. at 3.

Section 1983 provides:

"[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

42 U.S.C. § 1983. Here, Browning is not alleging that a declaratory decree was violated or that declaratory relief is unavailable. Because the injunctive relief sought by Browning does not address the actions of Judge Young other than those taken in his judicial capacity, Browning's claim for injunctive relief is barred. See Azubuko v. Royal, 443 F. 3d 302, 303–04 (3d Cir. 2006); see also Browning III, 2022 WL 866287 at *1. Accordingly, the Complaint is dismissed with prejudice. See Grayson v. Mayview State Hosp, 293 F.3d 103, 113 (3d Cir. 2002) (courts may deny leave to amend under Rule 15(a) when amendment is inequitable or futile).

Finally, Plaintiff is hereby **ORDERED** to refrain from initiating any frivolous, duplicative, or repetitive actions, nor file motions, pleadings, or other papers of the same nature. Should Plaintiff violate this Order, the Court will deem him a vexatious litigant and implement further restrictions. See, e.g., 28 U.S.C. § 1651; In re Packer Ave. Assocs., 884 F.2d 745, 747–49 (3d Cir. 1989); Yadav v. Surtees, 87 F. App'x 271, 275 (3d Cir. 2004); see also Mikkilineni v. Gibson Thomas Eng'g Co., 379 F. App'x 253, 255–56 (3d Cir. 2010) ("District courts in this circuit may issue an injunction to require vexatious litigants to obtain the approval of the court before filing further complaints.").

Therefore, Defendant's Motion, ECF No. 10, is granted, and this case is hereby **CLOSED**.

SO ORDERED.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**